# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HAROLD T. FORTNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 16-2672-CM |
| JACK G. HANSEN, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Harold Fortner, a contract carpenter, brings this personal injury claim against defendant Jack Hansen, his contract employer. Defendant retained Gary Buffington as an expert witness in construction safety and health. In his expert report, Mr. Buffington offers a number of opinions that plaintiff seeks to exclude. This matter is before the court on plaintiff's Motion to Exclude Various Opinions of Defendant's Expert Witness Gary L. Buffington. (Doc. 21.)

**I.   Factual Background**

Defendant hired plaintiff to rebuild a room in defendant's house.[1] Plaintiff worked with Hector Vega and former plaintiff John Howland. On November 5, 2015, plaintiff and Howland decided to cover an exposed section of the second-story room with a tarp to prevent water damage from a forecasted storm. Both stood on scaffolding to hang the tarp. Defendant contests plaintiff's version of the subsequent events. Plaintiff asserts that while he and Howland were on the scaffolding, defendant stepped onto the scaffolding from the second-story room. Defendant panicked when the scaffolding

---

[1] The court recognizes that whether defendant only hired plaintiff—or also former plaintiff John Howland—is disputed by the parties. This recitation of the factual background is not intended to serve as a ruling on the matter of employment. It is merely for background purposes.

-1-

flexed, and he jumped back into the room. According to plaintiff, this caused the scaffolding to fall over, and plaintiff and Howland fell, resulting in their injuries.

Mr. Buffington, relying on defendant's version of the facts, provided a number of opinions that plaintiff seeks to exclude. These are:

1. [Defendant] Hansen was not reckless and negligent when he stepped onto the scaffolding prior to the accident.
2. Hansen did not cause or contribute in any manner to subject accident.
3. [Plaintiff] Fortner's conduct was egregious and demonstrated a willful, reckless disregard of the Occupational Safety and Health Act (OSHA) and American National Standards Institute (ANSI) safety standards and the safety of himself & his workers on this site.
4. [I]t was just a matter of time before an employee would be injured or killed.
5. It was Fortner's responsibility to provide workers' compensation insurance.
6. Fortner is the employer and supervisor, and Howland is Fortner's employee.
7. Fortner violated OSHA standards.

Plaintiff argues the court should exclude: (1) opinions 1–3 as inadmissible legal conclusions; (2) opinion 4 as a subjective belief based on unsupported speculation; (3) opinions 5 and 7 as they require additional factual findings; and (4) opinion 6 as a mixed question of fact and law.

In his response, defendant argues the opinions are admissible because: (1) opinions 1–3 are based on evidence that leads to a legal conclusion; (2) opinion 4 expresses Mr. Buffington's dissatisfaction with the number of safety violations; (3) opinions 5 and 7 are either supported by enough factual information or information supporting the opinions may be found upon further discovery; and (4) opinion 6 is supported by the deposition transcripts. Defendant argues plaintiff's motion should be denied for two additional reasons. First, plaintiff untimely filed his motion because he violated the court's Scheduling Order by failing to "[s]erve any objections to [expert] disclosures . . . within 14 days after service of the disclosures." Second, Mr. Buffington's opinions are preliminary and were not provided as verbatim testimony at trial. To strike them now would be premature.

## II. Legal Standards

### A. Legal Standard for Untimeliness

The court's Scheduling Order states a party must serve any objections to Federal Rule of Civil Procedure 26(a)(2) disclosures within 14 days of service. (Doc. 15 ¶ 2(c).) This 14-day deadline only governs "[t]echnical objections related to the sufficiency of written expert disclosures." It does not apply to objections regarding the "[a]dmissibility of the expert's proposed testimony" such as objections based on Federal Rules of Evidence 702–705 or case law governing those rules. *Id*. The deadline for those motions was June 15, 2017. (*Id.* ¶ 3(e).)

### B. Legal Standard for Preliminary Expert Opinions

A party's expert witness, who is retained to provide expert testimony, must submit a written report to the opposing party identifying all opinions the expert will express and the basis for each opinion. Fed. R. Civ. P. 26(a)(2)(B)(i). However, disclosures made under Rule 26(a)(2) cannot be preliminary reports. *Bruner-McMahon v. Sedgwick Cty. Bd. of Comm'rs*, No. 10-1064-KHV, 2012 WL 33837, at *2 (D. Kan. Jan. 6, 2012). Disclosures are meant to provide "[a] complete and reliable preview of the expert's testimony." *Id*. Preliminary reports do not serve this function.

### C. Legal Standard for Excluding Expert Testimony

Federal Rule of Evidence 702 governs the admissibility of expert testimony. To testify, an expert "[w]ho is qualified . . . by knowledge, skill, experience, training, or education . . ." may give an opinion which "[w]ill help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. In forming the opinion, the expert must apply reliable principles and methods to sufficient facts. *Id.*

"The court has broad discretion in deciding whether to admit expert testimony." *Sawyer v. Sw. Airlines Co.*, 243 F. Supp. 2d 1257, 1266 (D. Kan. 2003). Though experts generally have greater latitude than non-experts when offering opinions, the court may limit the admissibility of an expert's opinions. The court should exclude expert testimony when the jurors' normal experiences permit them to reach a proper conclusion based on the facts. *Wilson v. Muckala*, 303 F.3d 1207, 1219 (10th Cir. 2002). The court should also exclude an expert opinion if it is based on inadequate facts. Though an expert need not be absolutely certain, the opinion must be based on facts that yield a reasonably accurate conclusion. Speculation is insufficient. *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003). However, if the court has doubts regarding the admissibility of evidence, the court should favor admission. *Sawyer*, 243 F. Supp. 2d 1257 at 1266. In that case, a party may cross-examine the witness and offer contrary evidence at trial to discredit "[s]haky but admissible evidence." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993).

Additionally, an expert generally may not give an opinion about legal standards or apply the facts to the law to assert a legal conclusion. *Okland Oil Co. v. Conoco Inc.*, 144 F.3d 1308, 1328 (10th Cir. 1998). Admissibility depends on the purpose of the expert's opinion. If an expert offers an opinion to define the legal standards within which the jury must operate to render a verdict, the court should exclude the opinion. *Specht v. Jensen*, 853 F.2d 805, 810 (10th Cir. 1988). An expert also may not "[t]ell (the jury) what result should be reached." *United States v. Jensen*, 608 F.2d 1349, 1356 (10th Cir. 1979). But an expert may refer to the law or refer to facts "[c]ouched in legal terms" to help a jury understand the facts. *Specht*, 853 F.2d at 809.

### III. Discussion

#### A. Timeliness of Plaintiff's Motion

Plaintiff seeks to exclude various opinions set forth in Mr. Buffington's report by challenging their admissibility. Plaintiff does not challenge the sufficiency of the disclosed report. The June 15 deadline applied to admissibility challenges and governed plaintiff's motion. Plaintiff filed his motion on April 12, well before the deadline. (Doc. 21.) Plaintiff's motion is not untimely.

#### B. Defendant's Preliminary Expert Testimony

On March 23, defendant designated Mr. Buffington as an expert witness and provided plaintiff a copy of his report, as stipulated by Federal Rule of Civil Procedure 26(a)(2)(B) and the court's Scheduling Order. (Doc. 19.) Since Rule 26(a)(2) disclosures cannot be preliminary, defendant acknowledged Mr. Buffington's report was not preliminary by disclosing it under this rule. Plaintiff may object to the report.

#### C. Defendant's Expert's Opinions

The court grants plaintiff's motion regarding opinions 1, 2, 5, and 6 but denies plaintiff's motion regarding opinions 3, 4, and 7.

The court excludes opinions 1 and 2 because they are legal conclusions and are inadequately supported by evidence. Opinion 1 states, "Defendant was not reckless and negligent when he stepped onto the scaffolding prior to the accident." Opinion 2 states, "Defendant did not cause or contribute in any manner to the accident." Both opinions are legal conclusions. Negligence is a legal cause of action consisting of the breach of a duty a person owes which causes another's injury. *Smith v. Kan. Gas Serv. Co.*, 169 P.3d 1052, 1057 (Kan. 2007). Recklessness is a legal term regarding a person's disregard or indifference toward the unintentional consequences of the person's dangerous conduct.

*Wiehe v. Kukal*, 592 P.2d 860, 864 (Kan. 1979). And causation is an element of negligence. These opinions effectively tell the jury what conclusion to reach.

Both opinions are also based on inadequate evidence. To support his opinions that defendant was neither negligent nor contributed to the accident, Mr. Buffington relies almost exclusively on plaintiff's conduct. Mr. Buffington states plaintiff did not comply with OSHA and ANSI construction standards because plaintiff improperly constructed the scaffolding and failed to wear a fall protection safety harnesses to prevent his fall. (Doc. 19-1 ¶ 1.) While this may demonstrate plaintiff's negligence or contribution to the accident, it does not demonstrate the absence of defendant's negligence or contribution. The only statements in Mr. Buffington's report regarding defendant's conduct are that defendant met the construction industry's standard of care for an owner (which Mr. Buffington does not define), and defendant did not dictate how plaintiff performed his work. (*Id.* ¶ 8.) But these statements do not preclude defendant's negligence or contribution. Defendant may have met these standards and have still acted negligently or contributed to the accident by jumping from the scaffolding. Opinions 1 and 2 are excluded.

The court excludes opinion 5 as it would not help the jurors understand the evidence or resolve a fact in issue. Opinion 5 states, "Plaintiff was responsible for providing workers' compensation insurance." The overall conclusion of the paragraph that contains opinion 5 is that plaintiff failed in his role as a supervisor. In addition to providing workers' compensation insurance, these supervisory responsibilities included: making sure all employees are properly trained and qualified for their jobs; establishing safe work practices and standard operating procedures; and surveying the worksite to identify and eliminate safety hazards. (*Id.* ¶ 4.) Unlike these other responsibilities, which could help a jury determine whether plaintiff negligently constructed or maintained the scaffolding, the presence or absence of workers' compensation insurance does not lend itself to determining liability. Failing to

provide workers' compensation insurance does not inform whether plaintiff safely constructed the scaffolding or abided by appropriate safety standards. The opinion would not be helpful to a jury and is excluded.

The court excludes opinion 6, as jurors would be able to reach a proper conclusion without the opinion. Opinion 6 states, "Plaintiff was the employer and Howland was plaintiff's employee." To support his opinion, Mr. Buffington states: defendant hired plaintiff to work on the house, and plaintiff supplied the labor, tools, and scaffolding (*id.* ¶ 1); and plaintiff was the supervisor in charge of the project (*id.* ¶ 4). This is not technical information, and the jury does not need an expert's specialized knowledge to resolve this issue. The jurors' normal experiences would allow them to reach a proper conclusion based on the facts. Since Mr. Buffington's opinion would be unhelpful, this opinion is excluded.

The court denies plaintiff's motion regarding opinions 3, 4, and 7.

The court does not exclude opinion 3 as it is adequately supported by the facts. Opinion 3 states, "Plaintiff's conduct was egregious and demonstrated a willful, reckless disregard of the OSHA and ANSI safety standards and the safety of himself & his workers on this site." Mr. Buffington supports this opinion by citing plaintiff's safety violations. In part, these include: failure to properly construct the scaffolding (*id.*); failure to utilize personal fall protection equipment while using the scaffolding (*id.*); failure to develop and implement fall protection procedures and a safety program (*id.* ¶ 2); failure to conduct safety risk assessments and Job Hazard Analyses (*id.* ¶ 3); failure to enforce safety rules and implement scaffolding training requirements (*id.* ¶ 4); and failure to detect and correct unsafe conditions (*id.* ¶ 5). The number of alleged violations may support Mr. Buffington's characterization of plaintiff's conduct as egregious.

Although "willful" and "reckless" are legal terms, Mr. Buffington does not offer his opinion as a legal conclusion. He uses these terms to convey his view of the severity of plaintiff's conduct from a construction safety perspective. This will help the jury better understand Mr. Buffington's opinion as to extent of plaintiff's alleged safety violations. Although "willful" and "reckless" have knowledge components, Mr. Buffington does not need to prove plaintiff met those components if his opinion is supported by facts which yield a reasonably accurate conclusion. As plaintiff worked as a carpenter for forty years (*id.* ¶ 1), a reasonable jury could determine that plaintiff was or should have been aware of industry safety standards. The court does not exclude opinion 3.

The court does not exclude opinion 4, as it is also supported by sufficient facts. Opinion 4 states, "[i]t was just a matter of time before an employee would be injured or killed." Mr. Buffington cites: "[u]nsafe conditions, events, and employee practices" (*id.* ¶ 5); and failure to enforce safety rules, to safely construct the scaffolding, and provide a fall protection plan (*id.* ¶ 4). Mr. Buffington's argument appears to be the following: (1) construction sites are dangerous and pose a risk of injury; (2) multiple organizations have developed safety standards to decrease the risk of injury to workers; (3) the more safety standards implemented on a construction site, the less likely workers will be injured; (4) conversely, the fewer safety standards in place, the more likely workers will be injured; and (5) since plaintiff allegedly implemented so few safety standards when working on defendant's house, it was likely someone would suffer an injury. Given the alleged violations Mr. Buffington cites, this opinion goes beyond mere speculation. The degree of certainty that an accident would occur and the severity of a possible injury are debatable. But at this stage, all doubts should be resolved in favor of admission. Because it would be more appropriate for plaintiff to challenge the opinion on cross examination than for the court to exclude it, opinion 4 is not excluded.

Finally, the court does not exclude opinion 7 as additional findings may make it admissible. Opinion 7 states, "Plaintiff violated OSHA standards." OSHA applies to employers. 29 U.S.C. § 654. The act defines an "employer" as "[a] person engaged in a business affecting commerce who has employees …" 29 U.S.C. § 652(5). An employee is "[a]n employee of an employer who is employed in a business of his employer which affects commerce." 29 U.S.C. § 652(6). As the court has not determined whether plaintiff was an employer, the court cannot determine whether this opinion should be excluded. Opinion 7 is not excluded at this time.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Exclude Various Opinions of Defendant's Expert Witness Gary L. Buffington (Doc. 21) is granted regarding opinions 1, 2, 5, and 6 and denied regarding opinions 3, 4, and 7.

Dated this 30th day of October, 2017, at Kansas City, Kansas.

                                              **s/ Carlos Murguia**
                                              **CARLOS MURGUIA**
                                              **United States District Judge**